Harris, J.,
delivered the opinion of the Court.
This action of debt was brought by defendants in error, in the Circuit Court of Jackson county, on the 19th September, 1856, on a writing obligatory for the *171 sum of $5000, and returnable to the November Term of said Court. At the appearance term there was filed a plea in abatement of the action, which was afterward withdrawn, under an agreement of the parties that the succeeding March Term should be the appearance term of said cause. At the March Term the defendants pleaded payment, upon which issue was taken.
The Court being unable to dispose 'of the business at the March Term, appointed a special term, to commence on the fifth Monday in June, at which special term this issue was submitted to a jury, without the consent of the defendants, who found the issue, for the plaintiffs, and assessed their damage to the sum of $878 32, for which judgment was rendered. To reverse which the defendants have prosecuted a writ of error to this Court, and have assigned as error: First: • That this cause did not properly stand for trial until the regular July Term of the Court and that the Ooiu’t- had no jurisdiction to try the same at the special term; and 2d, that the jury erred in their assessment of damages.
That the jury, through mistake, assessed the damages for $303 82 more than was due, is apparent upon the record, and is admitted by the counsel for the defendants in error, who now offer to 'enter a remittitur for the same. This will not cure • the error, as the party omitted to make this correction in the Court below. But for this error we would not remand the cause for a new trial, as the party can obtain the same relief in this Court, by now having the remittitur entered that he could upon another trial in the Court below. But upon the first point we think the judgment is wholly erroneous. According to our practice, the *172 parties have from the appearance term until the next regular term to procure their testimony and prepare themselves for trial; and this is not altered, as we think, hy the provisions of the act of 1827, ch. 79, sec. 4, (0. and N. 106,) upon which the counsel for the defendants relies. That act provides “that when it shall happen that the business upon the dockets of any of the Circuit Courts cannot be done at the regular term thereof, the Judge of such Circuit Court may, and he is hereby empowered to appoint a special term thereof, at which he shall have power to try all causes, either at law, or in equity, as well civil as criminal, upon the docket, under the same rules and regulations, and with the same powers, as if such special term were the regular term.” At the time of the passage of this statute, the Circuit Courts had jurisdiction of cases in Chancery, as well as at common law, and it was seldom that the Court could dispose of the business on the criminal, civil, and equity dockets before the Judge was compelled to adjourn for the purpose of holding a Court in some other county, thus leaving a large portion of the business undisposed of, to the great injury and delay of the parties litigant in the Courts, and it was to remedy this evil that the statute under consideration was passed, to enable the Judges by appointing special terms, to dispose of the unfinished business of the preceding regular term. But it was certainly not the intention of the Legislature to authorize the Courts to dispose of civil causes at the. special term, which did not stand for trial at the preceding-regular term. We have seen that, by the agreement of the parties in this cause, the March Term was made *173 the appearance term, then the cause, did not stand for trial until the regular July Term — the parties had until that term to collect their evidence^ ■ and prepare for trial, and the Court had .no authority to try the cause at an earlier period. It is objected,;however, that the hill of exceptions in the record was not filed until after the close of the special term, at which -4he cause was tried, and that it cannot, therefore, he regarded as a part of the record in this cause. This is conceded. But then there is enough of the record ~ independent of the bill of exceptions to show all the facts upon which the cause is decided.
The judgment must be reversed and the cause remanded for another trial.